# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL ZEIGLER, JR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | Civil Action <br><br> No. 09-6022 |

December 10, 2010

## **MEMORANDUM**

### I.     Background

Pro se plaintiff Samuel Zeigler, Jr., brought this action on December 18, 2009. An amended complaint was filed on February 23, 2010, and defendant Michael J. Astrue, Commissioner of Social Security, filed a motion to dismiss the complaint on March 5, 2010. On May 20, 2010, I directed that this case be referred to Magistrate Judge Linda K. Caracappa for a Report and Recommendation.

Magistrate Judge Caracappa filed her Report and Recommendation on November 30, 2010, in which she recommended that the motion to dismiss be granted. (Docket No. 13.) At this time, Zeigler was notified by the Clerk of Court that he had fourteen (14) days in which to file his written objections. (Docket No. 13-2.) Instead of filing written

objections, Zeigler filed a notice of appeal with the United States Court of Appeals for the Third Circuit on December 2, 2010. (Docket No. 14.)

## II. Jurisdiction

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *See Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Because Zeigler has filed a notice of appeal, this court must satisfy itself of its jurisdiction to continue.

In his notice of appeal, Zeigler indicated that he was not appealing an order or judgment of this court. (*See* Docket No. 14.) Instead, he specified that he wished to appeal the "Report and Recommendation . . . entered in this action on 11-29-10."[1] (*Id.*) A report and recommendation, however, is only a proposed finding, and it must be accepted, rejected, or modified by the district court. *See* 28 U.S.C. § 636(b)(1) ("A judge of the [district] court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). As a proposed finding, and not a final order, Magistrate Judge Caracappa's Report and Recommendation is not appealable to the Court of Appeals. *See United States v. Polishan*, 336 F.3d 234, 240 n.3 (3d Cir. 2003)

---

[1] November 29, 2010, is the date on which Magistrate Judge Caracappa signed the Report and Recommendation, but it was not entered on the docket until November 30.

("We note that an appellate court may lack jurisdiction to review dispositive decisions made by a magistrate judge under 28 U.S.C. § 636(b)(1)(B) because that order is not final. Rather, it is a proposed finding and recommendation that must be accepted, rejected or modified by the district court.").

"An appeal from a non-appealable judgment or order is sometimes characterized as a 'nullity'." *Venen*, 758 F.2d at 121 (citation omitted). Consequently, a district court's jurisdiction "to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable." *Id.* Because Zeigler's notice of appeal is from a non-appealable report and recommendation, it is a "nullity" and this court retains jurisdiction over the case.

### III. Conclusion and Further Proceedings

Zeigler, a pro se litigant, was directed to file written objections on or before December 14, 2010. It appears that he was confused as to the nature of the Report and Recommendation when he filed his notice of appeal, and accordingly, he may not have understood the need to file written objections. To that end, I will extend the time for Zeigler to file his written objections to the Report and Recommendation. After Zeigler files his written objections, this court can then proceed to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). An appropriate order accompanies this memorandum.